Lloyd Ambinder
Leonor Coyle
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor,
New York, New York 10004
Tel:  (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSA LANDI | **Case No.:** |
| Plaintiff, | |
| - against – | |
| ANGEL NAILS NY INC. d/b/a ANGEL NAILS, GIL J LEE individually and all other entities affiliated with or controlled by ANGEL NAILS NY INC., and/or GIL J LEE , | **COMPLAINT** **Jury Trial** |
| Defendants. | |

Plaintiff, by her attorneys, Virginia & Ambinder, LLP, alleges upon knowledge to herself

and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter

referred to as "FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law § 190 *et seq.*,

New York Labor Law § 663, New York Labor Law § 650 *et seq*, 12 New York Codes, Rules,

and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.1, 142-2.2, and 142-2.4, to

recover unpaid minimum wages, unpaid overtime compensation, unpaid spread of hours, and

damages for failure to receive proper paystubs owed to Plaintiff employed by ANGEL NAILS

NY INC. d/b/a ANGEL NAILS, GIL J LEE, individually, and all other entities affiliated with or

controlled by ANGEL NAILS NY INC. and/or GIL J. LEE (hereinafter "Angel Nails Salon" or

Defendants).

2.      Beginning in approximately August 2010 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay minimum wages, overtime compensation, and spread of hours to their employees.

3.      Beginning in approximately August 2010 and, upon information and belief continuing through the present, Defendants have engaged in a policy and practice of failing to provide paystubs to their employees.

4.      Under the direction of Defendants' owners, shareholders, corporate officers, and/or directors, Defendants instituted this practice of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

5.      Plaintiff has initiated this action seeking for herself, all compensation, including minimum wages, overtime wages, spread of hours compensation that they were deprived of, and damages for failure to provide paystubs, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

7.      Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

8.      Plaintiff Rosa Landi is an individual who resides in New York and who formerly

-2-

worked for Defendants as a masseuse, pedicurist and cleaner from approximately September 2009 through November 2015.

9.      Upon information and belief, Defendant ANGEL NAILS NY INC. d/b/a Angel Nails is a domestic corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 162 Rockaway Avenue, Valley Stream, New York, 11580 and is engaged in the nail salon business.

10.     Upon information and belief, Defendant Gil J. Lee is a resident of 2160 N Central Rd. Suite 106 Fort Lee, New Jersey, 07024 and/or 162 Rockaway Avenue, Valley Stream, New York, 11580 and is, and at all relevant times was, an officer, director, president, vice president, and/or owner of Angel Nails Salon.

## FACTS

11.     Beginning in or about September 2009, Defendants employed Plaintiff as a masseuse, pedicurist and cleaner at the Valley Stream Angel Nails Salonin Valley Stream, NY..

12.     Upon information and belief, Defendants operate a nail salon in New York and order goods and supplies from suppliers outside of New York state and therefore, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Angel Nails Salon constitutes an enterprise engaged in commerce as that term is defined under the FLSA.

13.     Upon information and belief, Defendants gross yearly revenues are in excess of $500,000.00.

14.     While working for Defendants, Plaintiff was regularly required to perform work for Defendants, without receiving minimum wages, overtime compensation, spread of hours, or proper paystubs as required by applicable federal and state law.

15.     Plaintiff Landi typically worked 6 days each week for Defendants from approximately 9:00 a.m. to 8:00 p.m. without a break.

16.     While working for Defendants, Plaintiff was paid approximately $200.00 each week, plus tips.

17.     Plaintiff regularly worked more than 40 hours each week and more than 10 hours each day.

18.     Plaintiff, was paid in cash and did not receive paystubs reflecting the hours worked and payments received each week.

19.     Defendants did not provide notice to the Plaintiff that they intended to take advantage of the tip credit procedures and pay employees less than the minimum wage rate for non-tipped employees.

20.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable New York State law by failing to maintain proper and complete timesheets or payroll records.

21.     Upon information and belief, Defendant Gil J. Lee was a director, shareholder, and / or president or vice president of Angel Nail Salon, and (i) has the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

22.     Upon information and belief, Defendant Gil J. Lee dominated the day-to-day operating decisions of Angel Nails Salon, made major personnel decisions, and had complete control of the alleged activities which give rise to the claims brought herein.

23.     Upon information and belief, Defendant Gil J. Lee was an employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>FLSA MINIMUM WAGE COMPENSATION</u>

24.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 23 hereof.

25.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) **$7.25** an hour, beginning 24 months after that 60th day."

26.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

27.     Plaintiff is an employee, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

28.     Defendants constitute employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

29.     Defendants failed to pay Plaintiff all earned minimum wages for the time they worked for Defendants in any given week.

30.     The failure of Defendants to pay Plaintiff her rightfully owed wages was willful.

31.     By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## FLSA OVERTIME COMPENSATION

32.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 31 hereof.

33.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

34.     Defendants failed to pay the Plaintiff overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

35.     The failure of Defendants to pay Plaintiff her rightfully owed wages and overtime compensation was willful.

36.     By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## FAILURE TO PAY MINIMUM WAGES PURSUANT TO NEW YORK LAW

37.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 36 hereof.

38.     Pursuant to 12 NYCRR 142-2.1, "(a) The basic minimum hourly wage rate shall be: (1) $5.15 per hour on and after March 31, 2000; (2) $6.00 per hour on and after January 1, 2005; (3) $6.75 per hour on and after January 1, 2006; (4) $7.15 per hour on and after January 1,

2007; and (5) $7.25 per hour on and after July 24, 2009, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or its successors."

39.     Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

40.     As persons employed for hire by Defendants, Plaintiff is "employee," as understood in Labor Law § 651 and case law interpreting same.

41.     Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

42.     Defendants constitute "employers" as understood by Labor Law § 651 and case law interpreting same.

43.     New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

44.     In failing to pay Plaintiff minimum wages for all hours worked, Defendants violated Labor Law §§ 650, *et seq*. and 663, and 12 NYCRR 142-2.1.

45.     Upon information and belief, Defendants' failure to pay Plaintiff minimum wages was willful.

46.     By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq*. and 663 and 12 NYCRR 142-2.1 and are liable to Plaintiff who performed work for Defendants within the State of New York in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
### NEW YORK STATE OVERTIME COMPENSATION

47.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 46 hereof.

48.    Title 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate…."

49.    Plaintiff regularly worked more than forty hours a week while working for Defendants.

50.    The Plaintiff did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week in violation of 12 NYCRR §142-2.2.

51.    Defendants' failure to pay Plaintiff overtime compensation was willful.

52.    By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
### NEW YORK SPREAD OF HOURS LAW

53.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 52 hereof.

54.    Title 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours [in a day]."

55.    While employed by the Defendants, Plaintiff typically  worked more than ten hours in a day without receiving an additional hour's pay at their regular wage rate.

56.    Upon information and belief, Defendants' failure to pay spread of hour's

compensation was willful.

57.     By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to the Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**SIXTH CAUSE OF ACTION:**
**NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION**

58.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 57 hereof.

59.     Pursuant to New York Labor Law §§ 198-1(d) and 195, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. According to that statute, employees' paystubs must include:  the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances ; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

60.     According to New York Labor Law § 198-1(d), Plaintiff is entitled to $100 for every paycheck they received that did not have a stub.

61.     Upon information and belief, Plaintiff did not receive paystubs that accurately reflected her hours worked or the amount of deductions that were being taken from her wages.

62.     By the foregoing reasons, Defendants have violated New York Labor Law § 198-1(d) and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys'

fees and costs;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(4) on the fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(5) on the fifth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs; and

(6) Whatever other and further relief the Court may deem appropriate.


Dated: New York, New York
        August 9, 2016


By:      /s Lloyd Ambinder
         Lloyd Ambinder, Esq.
         Leonor Coyle, Esq.
         Virginia & Ambinder, LLP
         40 Broad Street, 7th Floor
         New York, New York 10004
         lcoyle@vandallp.com
         Tel:    (212) 943-9080
         Fax:    (212) 943-9082

         *Attorneys for Plaintiff*